IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00463-LTB-GPG

MICHAEL CLAY HEASLET,

    Plaintiff,

v.

DALEY, *Education Supervisor*, and
RARDIN, *Assistant Warden*,

    Defendants.

## ORDER

On July 21, 2021, this matter was dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure; final judgment entered the same day. (ECF Nos. 20, 21). It is now before the Court on "Mr. Heaslet's Memorandum in Support of Motion for Relief from Judgment." (ECF No. 22). In the motion, "Plaintiff seeks relief from this judgment because an error was made in the judgment through no fault of anyone." (*Id.* at 1). For the reasons below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiff moves for relief under Rule 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of*

1

*Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Relief under Rule 60(b) is not available to revisit arguments already considered or to raise new arguments that could have been raised previously. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiff has not met this standard.

Nothing in Plaintiff's motion demonstrates an extraordinary circumstance to justify relief from the final judgment. Plaintiff does not contend there is a need to correct a clear error of law, a misapprehension of the facts, a party's position, or that the action should be reinstated based on new evidence previously unavailable. Nor does Plaintiff identify a clerical mistake, or a mistake arising from oversight or omission, in a judgment, order, or other part of the record under Fed. R. Civ. P. 60(a). Finally, to the extent Plaintiff now submits an amended complaint in an attempt to comply with the Court's May 19, 2021 order to amend, the time to comply with that order has passed, and Plaintiff fails to establish good cause to excuse the delay. Plaintiff is reminded that this action was dismissed without prejudice. Thus, Plaintiff may submit the amended complaint to the Clerk of Court if he wishes to initiate a new action.

Accordingly, it is ORDERED that "Mr. Heaslet's Memorandum in Support of Motion for Relief from Judgment" (ECF No. 22) is DENIED.

DATED at Denver, Colorado, this   26th   day of    August   , 2021.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court